UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PARNELL WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>A&M BROS, LLC,<br><br>        Defendant. | Case No.: 1:22-cv-00077 JLT BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 6) |

Gregory Parnell Williams is a disabled individual who requires the assistance of a walking stick. He asserts A&M Bros, LLC dba Vibez Lounge violated the Americans with Disabilities Act and California law by not allowing him to enter its establishment without forgoing his walking stick. (*See generally* Doc. 1.) Defendant seeks dismissal of the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, asserting the Court lacks subject matter jurisdiction. (Doc. 6.) The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

**I.    Background and Allegations**

Plaintiff alleges he suffers from osteoarthritis, valley fever, and cancer, all of which make it difficult for him to stand and walk long distances. (Doc. 1 at ¶ 7.) As a result, he uses a walking stick to assist him with mobility. (*Id*.) Plaintiff asserts that on at least two occasions, he was discriminated against because of his disability and denied "full and complete access" to Defendant's lounge. (*Id*. at

1

¶ 9.) On the first occasion, Plaintiff alleges Defendant "completely denied" him access because of his walking stick. (*Id*. at ¶ 10.) Three months later, he was initially admitted but subsequently removed for the same reason. (*Id*. at ¶ 11.) Plaintiff contends that on one occasion he was "completely deterred" from visiting the lounge and remains "hesitant and apprehensive" to return because of the possibility he will be denied access unless he forgoes his walking stick. (*Id*. at ¶¶ 12-13.) He believes his apprehension will be alleviated when Defendant implements proper policies and training to accommodate his disability. (*Id*. at ¶ 12.)

On January 19, 2022, Plaintiff initiated this action by filing a complaint for violations of the ADA, California's Unruh Civil Rights Act, and California's Disabled Persons Act against Defendant. (Doc. 1.) He seeks injunctive relief "compelling Defendant to cease their discrimination of disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability." (*Id*. at 8, prayer.) He also seeks damages under the Unruh Civil Rights Act and attorneys' fees. (*Id*.) On March 3, 2022, Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction, arguing Plaintiff lacks standing and the complaint is moot. (*See* Doc. 6.) Plaintiff filed his opposition to the motion on March 16, 2022 (Doc. 8), to which Defendant replied on April 5, 2022. (Doc. 10.)

## II.   The Americans with Disabilities Act

Title III of the ADA prohibits discrimination against persons with disabilities in places of public accommodation, and provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). For purposes of this subsection, discrimination includes:

> a failure to make reasonable modifications in policies, practices, or procedures,   when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

*Id.* § 12182(b)(2)(A)(ii).

///

2

**A.     Motion to Dismiss under Rule 12(b)(1)**

      1.     Legal Standard

The district court is a court of limited jurisdiction and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, a plaintiff carries the burden of demonstrating the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a claim for relief for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)). Thus, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Ninth Circuit explained:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). On a motion to dismiss under Rule 12(b)(1), the standards that must be applied by the Court vary according to the nature of the jurisdictional challenge.

If a defendant presents a *facial* challenge to jurisdiction, the Court must presume the truth of the plaintiff's factual allegations "and draw all reasonable inferences in his favor." *Doe v. Holy*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). The Court should not "assume the truth

of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). However, the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. *Safe Air*, 373 F.3d at 1039.

On the other hand, if a defendant presents a *factual* challenge to the Court's jurisdiction, the Court "may review any evidence, such as affidavits and testimony." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Warren*, 328 F.3d at 1139. If a moving party presents a factual attack motion, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2 (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). Thus, the burden of proof remains with a plaintiff, who has "an affirmative obligation to support jurisdictional allegations with proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).

2. Discussion and Analysis

Defendant argues Plaintiff lacks standing to bring his claim under the ADA and that Plaintiff's claims are now moot. (*See* Doc. 6.) Because declaratory evidence is provided in support of the motion, (*see* Doc. 6-1 at 12-15), and Defendant does not directly challenge the allegations in the complaint, Defendant presents a factual attack to jurisdiction. *See Savage*, 343 F.3d at 1039 n.2.

As raised by the parties, a "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation omitted). The issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id*. In such case, dismissals are only warranted if they satisfy the requirements set forth in *Bell v. Hood,* 327 U.S. 678 (1946): where the claims appear "immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Id*.; *Bell*, 327 U.S. at 682-83. Defendant does not argue Plaintiff's ADA claim was asserted for the sole purpose of obtaining federal jurisdiction, and to the extent Defendant's take such a position, the Court does not find the claim to be insubstantial or frivolous.

The parties concede that the jurisdictional issues of this case are intertwined with its merits, with Plaintiff seeking denial of Defendant's 12(b)(1) motion and Defendant requesting that the Court convert the motion to one for summary judgment. (*See* Doc. 6-1 at 4; Doc. 8 at 6.) Defendant's arguments largely focus on reasonable modifications being made and, ultimately, that Plaintiff was not discriminated against based on his disability (*See* Doc. 6-1 at 5-7)—an issue going directly to the merits of Plaintiff's claims. *See Brooke v. Rihh LP*, 2020 WL 788889, at *3 (N.D. Cal. Feb. 18, 2020) (denying 12(b)(1) motion upon finding the merits and jurisdictional issues were intertwined where defendant's main contention was the crux of plaintiff's ADA claim: inability to show injury-in-fact).

As both Plaintiff's substantive claims and this Court's jurisdiction are premised on the ADA, the issues are intertwined. In examining the briefings and evidence submitted, the parties dispute whether Plaintiff was discriminated against as well as whether any violation has been remedied. Defendant presents evidence that Plaintiff was offered to be assigned a staff member to assist him with mobility in lieu of his walking stick. (Doc. 6-1 at 15, ¶ 7.) Plaintiff presents evidence that Defendant did not make this offer. (Doc. 8-1 at 2, Plaintiff Decl. ¶ 10.) This creates a dispute of material fact requiring resolution should the Court address Plaintiff's standing, which is inappropriate at this stage. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.3 (9th Cir. 2014) (clarifying that while a court may resolve factual issues of jurisdiction itself, it "must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim"); *see also Johnson v. Supakam Corp.*, 2022 WL 767615, at *6 (N.D. Cal. Mar. 11, 2022) (declining to convert motion where issues were intertwined, case was in early stages, and discovery was stayed); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial").

Because of the parties' disputed issues of material fact, where jurisdictional and substantive issues are intertwined, the action cannot be dismissed for lack of subject matter jurisdiction and Defendant's motion to dismiss under Rule 12(b)(1) is **DENIED**.

///

///

**B.     Motion to Dismiss under Rule 12(b)(6)**

        1.     Legal Standard

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. Porterville of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

        2.     Discussion and Analysis

Defendant also moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Doc. 6 at 2.) Although it is not clear upon what grounds Defendant seeks

dismissal,[1] its only remaining argument pertains to the "direct threat" defense.[2] (Doc. 6-1 at 8-10.) Based on the case authority cited by Defendant, and that which the Court's inquiry has revealed, the direct threat defense is properly raised by way of a Rule 12(b)(6) motion. (*See id*. at 9 [citing *Giles v. Sprouts Farmers Mkt., Inc.*, 2021 WL 2072379 (S.D. Cal. May 24, 2021) (addressing direct threat defense pursuant to Rule 12(b)(6))]); *see also Witt v. Bristol Farms*, 2021 WL 5203297 (S.D. Cal. Nov. 9, 2021), *appeal dismissed*, 2022 WL 726961 (9th Cir. Jan. 14, 2022) (same). Defendant's argument fails, however, because it relies upon facts beyond Plaintiff's complaint.

"'Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint'" under FRCP 12(b)(6). *Smith v. Henry's Holdings, LLC*, 2022 WL 229855, at *1 (E.D. Cal. Jan. 26, 2022) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)). There are two caveats to this rule: documents incorporated by reference into the complaint and facts subject to judicial notice—that is, not subject to reasonable dispute. *Khoja*, 899 F.3d at 998-99. Neither of these caveats apply. Defendant does not rely on facts that may be judicially noticed nor on documents that may be incorporated by reference into the complaint.[3] Defendant cites *Giles v.*

---

[1] Defendant makes no direct challenges to the allegations of Plaintiff's complaint, nor does it address the pleading requirements under Title III of the ADA.

[2] The ADA does not require a public accommodation to permit access to an individual "where such individual poses a direct threat to the health or safety of others. The term 'direct threat' means a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services." 42 U.S.C. § 12182(b)(3). To determine whether an individual poses a direct threat,

> a public entity must make an individualized assessment based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: [t]he nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk.

29 C.F.R. § 36.208(b). Finally, "[t]he existence, or nonexistence, of a significant risk must be determined from the standpoint of the person who refuses the treatment or accommodation, and the risk assessment must be based on medical or other objective evidence." *Bragdon v. Abbott*, 524 U.S. 624, 649 (1998).

[3] The Court is aware of Defendant's exhibit "U.S. Department of Justice Civil Rights Division, Disability Rights Section, ADA Requirements for Wheelchairs, Mobility Aids, and Other Power-Driven Mobility Devices." (Doc. 6-1 at 18-23.) However, Defendant does not rely upon this document in asserting the direct threat defense, it does not request the Court take judicial notice of it, and the Court finds it unnecessary to do so at this juncture.

7

*Sprouts Farmers Mkt., Inc.*, 2021 WL 2072379 (S.D. Cal. May 24, 2021), in asserting, based on no objective evidence, that Plaintiff's walking stick could "very likely" be used as a weapon and accordingly, it was a significant risk that could not be eliminated by modification of its policy. (*See* Doc. 6-1 at 9-10.) However, the Court finds *Smith v. Henry's Holdings, LLC*, 2022 WL 229855 (E.D. Cal. Jan. 26, 2022) more analogous. There, the store defendant advanced, in part, the argument that it could not be liable because of the direct threat defense. *Id*. In denying the store's 12(b)(6) motion, the court reasoned that its arguments relied on factual claims and evidence not contained within the complaint, which was untimely at the pleading stage. *See id*. Specifically, the court distinguished the facts of its case from those in *Giles*:

> In *Giles*, the district court granted the store's request to take judicial notice of its policy and a number of public health documents, which the plaintiff had cited in her pleadings. The court then relied on those documents in concluding the plaintiff had not stated claims under the ADA and state law. In this case, by contrast, Ms. Smith has not incorporated the store's policies or the guidance of public health authorities into her complaint by reference, as explained above. Nor are the implications of public health guidance beyond any reasonable dispute. *See* Fed. R. Evid. 201(b).

*Id.* (internal citations omitted).

Like in *Smith*, Defendant's arguments are based on factual claims beyond the complaint. For example, Defendant asserts Plaintiff attempted to enter with a "wooden staff" measuring over six feet tall and there were over 100 patrons dancing and drinking at the time of the incident. (Doc. 6-1 at 2, 6-7.) It also argues that people who are intoxicated "pose a risk of using objects as weapons," inferring that Plaintiff was intoxicated when he attempted to patronize the lounge. (*Id*. at 9.) The complaint is entirely devoid of these allegations. Thus, at this stage, taking all of Plaintiff's allegations as true, Defendant's motion to dismiss under Rule 12(b)(6) is **DENIED**.

**IV.     State Claims**

Relying on dismissal of Plaintiff's federal claims, Defendant argues the Court should decline to exercise supplemental jurisdiction over Plaintiff's state claims. (Doc. 6-1 at 10-11.) Because Plaintiff's claims are not dismissed, this renders Defendant's argument moot.

///

///

///

**V.      Conclusion and Order**

Based upon the foregoing, Defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6) (Doc. 6) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 25, 2023**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE